UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARNER CHILCOTT CO., <br><br> Plaintiff, <br><br> v. <br><br> WATSON LABORATORIES, INC.-FLORIDA, ET AL., <br><br> Defendants. | Civil Action No. 11-5989 (FSH) |
| WARNER CHILCOTT CO., <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA <br><br> Defendants. | Civil Action No. 11-6936 (FSH) |
| WARNER CHILCOTT CO., LLC ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RANBAXY, INC, ET AL., <br><br> Defendants. | Civil Action No. 12-2474 (FSH) |

**ORDER ON INFORMAL APPLICATION &
ELEVENTH AMENDED PRETRIAL SCHEDULING ORDER**

This matter having come before the Court by way of: (1) letter dated January 14, 2013, regarding defendant Watson's request on behalf of all parties to extend: (a) the January 15, 2013

discovery dispute deadline to February 8, 2013; and (b) the January 31, 2013 deadline for plaintiff to respond to defendants' inequitable conduct contentions and for defendants to respond to plaintiff's secondary factors of nonobviousness contentions because the parties seek additional time to confer and attempt to resolve or narrow disputes arising from the second wave of document requests and because the defendants have a professional obligation that diverts their attention from this case and impacts their ability to review documents and prepare responses to contentions due on January 31, 2013; and (2) the January 15, 2013 letter regarding the dispute concerning the timing of the completion of Ranbaxy's document production; and the Court considering the submission, the record of proceedings and governing law; and for the reasons set forth herein, [1] the Court granting a final extension of the Ranbaxy document product deadline, the deadline for plaintiff to amend its contentions on objective evidence of nonobviousness, and the deadline to serve final document demands;

**IT IS THEREFORE ON THIS 15th day of January, 2013**

**ORDERED** that:

(1) The request to extend the January 15, 2013 discovery dispute deadline and the January 31, 2013 deadline for plaintiff to respond to defendants' inequitable conduct contentions and for defendants to respond to plaintiff's secondary factors of nonobviousness contentions;

(2) Plaintiff may amend its contentions on secondary factors of nonobviousness based upon information received after December 21, 2102 as set forth herein;

(3) The request to extend the deadline for Ranbaxy to complete its document production and for plaintiff and Ranbaxy to raise unresolved discovery disputes and for plaintiff and Ranbaxy to serve final document demands is granted as set forth herein;

**IT IS FURTHER ORDERED that:**

1. Civil Nos. 12-2474 shall be consolidated with Civ. Nos. 11-5989 and 11-6936 for pretrial purposes only without prejudice to a request to consolidation for all purposes;

2. The request to bifurcate discovery is denied, except that disclosure of advice of counsel shall be governed by L. Pat. R. 3.8. Documents reflecting reliance counsel in connection with willfulness shall be disclosed no later than 21 days after the Markman ruling absent a request for a further extension;

---

[1] Ranbaxy has been under an ongoing obligation to produce documents, see, e.g., Civ. No. 12-2474, ECF No. 75 and accommodations have been made because of the manner in which it stores documents. This final extension is provided based on the representations concerning the need to review for relevance the documents in the Tier 4 category. While Ranbaxy asserts more documents were identified in response to Tier 4 search terms, they do not identify the volume and hence do not show there is a need for an extension until mid-February. Thus, a more limited extension is granted as set forth herein. This extension further ensures that no other deadlines are unduly disrupted.

**IT IS FURTHER ORDERED THAT:**

## I.  COURT DATES

1.        There shall be telephone status conferences before the Undersigned on:

> **February 5, 2013 at 2:00 p.m.**
> **April 8, 2013 at 2:00 p.m.**

Plaintiff shall initiate the telephone calls.

2.      There will be a settlement conference before the Undersigned on **TO BE SET.** Trial Counsel and  clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.        A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 10, 2013** at **10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

4.        a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed**.

b. Plaintiff shall identify the patent claims no later than **completed.**

c.  Invalidity and noninfringement contentions concerning the '989 patent shall be disclosed no later than **deadline passed on October 16, 2012.**

d. Responses to invalidity contentions and infringement contentions concerning the '989 patent shall be disclosed no later than **deadline passed on October 31, 2012.**

e. Plaintiffs shall produce their contentions regarding secondary factors of non-obviousness no later than **deadline passed on December 21, 2012.**

f. Defendants shall produce their contentions regarding inequitable conduct no later than **deadline passed on December 21, 2012.**

 g. Plaintiffs and defendants shall provide their responses to the contentions that are due on December 21, 2012 no later than **February 18, 2013.**

    h. Plaintiff may amend its contentions on objective and secondary factors of nonobviousness based upon information not available as of December 17, 2012 and said amendment shall be made no later than **February 18, 2013.**

    i.Defendants may amend their inequitable conduct contentions based upon information not available as of December 17, 2012 and said amendments shall be served no later than **deadline passed on January 10, 2013.**

    5. Discovery necessary to engage in meaningful settlement discussions: **none.**

    6. a. As to <u>Ranbaxy</u>, the parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed on August 13, 2012**.

    b. Final document demands may be served no later than **deadline passed on December 2, 2012**, except in <u>Ranbaxy</u>, the final document demands shall be served no later than **February 8, 2013.**

    c. No later than **February 1, 2013**, Ranbaxy shall complete its document production that respond for demands served before February 8, 2013.

    d. Foreign evidence collection shall commence no later than **deadline passed on July 30, 2012**, except that foreign evidence collection in <u>Ranbaxy</u> shall commence no later than **deadline passed on September 30, 2012.**

    7. The number of depositions to be taken by each side shall not exceed **10**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  <u>See</u> Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **May 1, 2013**.

    8. Fact discovery is to remain open through **May 1, 2013**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

    9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No later than ten calendar days or receipt of the portion of the joint letter from the party seeking intervention, the adverse party shall provide its contribution to the joint letter.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Upon receipt of the portion of the joint letter from the party seeking court-intervention, the adverse party shall provide its position no later than ten calendar days of receipt.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed on October 23, 2012 at noon**, except that, (a) in Ranbaxy, discovery disputes arising from demands served before February 8, 2013 shall be presented **February 5, 2013 at noon, (b)** as to Ranbaxy, disputes arising from document demands served on February 8, 2013, shall be presented no later than **March 11, 2013 at noon** and (c) as to disputes between plaintiff, Watson and Teva, disputes arising from document demands served afer October 23, 2012 and no later than **deadline passed on December 2, 2012,** which shall be presented no later than **February 5, 2013 at noon.** The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.  Failure to contact Chambers during the deposition shall constitute a waiver of the right to seek intervention concerning the dispute.

10.    a.  Any motion to amend pleadings (other than inequitable conduct) or join parties must be filed by **deadline passed on September 7, 2012.**

b.  Any motion to amend to add a claim of inequitable conduct shall be filed no later than **March 8, 2013.**

c.  The parties shall not delay depositions based upon the status of a claim of inequitable conduct.

11.    a.  The parties shall identify the proposed terms that are to be construed no later than **deadline passed on October 16, 2012.**

b.  The parties shall provide their proposed claims constructions, identify intrinsic evidence and identify and produce extrinsic evidence supporting the party's proposed construction no later than **deadline passed on October 23, 2012.**

c.  The parties shall identify intrinsic and extrinsic evidence in opposition to the adverse party's proposed construction no later than **deadline passed on October 30, 2012.**

d.  The parties shall file their joint claims construction chart and statement no later than  **deadline passed on November 9, 2012.**

e.  Markman fact discovery shall be completed no later than **deadline passed on September 19, 2012.**

   f. <u>Markman</u> opening briefs shall be filed no later than **deadline passed on November 19, 2012.**

   g. <u>Markman</u> expert discovery shall be completed no later than **deadline passed on January 4, 2013.**

   h. <u>Markman</u> responsive briefs shall be filed no later than **deadline passed on January 11, 2013**.

   i. <u>Markman</u> hearings statement shall be submitted no later than **January 25, 2013.**

   j. No later than **ten days before the Markman Hearing**, the parties shall submit to the United States District Judge a joint tutorial on DVD to educate the Court on the science or technology patented items/accused device as more fully set forth in the Order dated March 30, 2012. Civ. No. 11-5989, ECF No. 34; Civ. No. 11-6936, ECF No. 37

 All other dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **October 11, 2013** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **October 21, 2013** and any replies shall be submitted no later than **October 28, 2013.** The return date shall be **November 4, 2013** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III.  EXPERTS

 12. a. All affirmative expert reports shall be delivered by **May 31, 2013**.

   b. All responding expert reports shall be delivered by **July 12, 2013**.

   c. All reply expert reports shall be delivered by **August 23, 2013.**

 13. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

   b. All expert depositions shall be completed by **September 30, 2013**.

   c. <u>Daubert</u> motions shall be filed no later than **October 11, 2013.**

### IV.  FINAL PRETRIAL CONFERENCE

 15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 10, 2013 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the

requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **December 3, 2013 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

**25. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

<u>s/Patty Shwartz</u>
UNITED STATES MAGISTRATE JUDGE